IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| N.D., | : | |
|       Petitioner, | : | |
| v. | : | Case No. 4:25-cv-62-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| DEPARTMENT OF HOMELAND SECURITY, | : | |
|       Respondent. | : | |

## **ORDER**

Pending before the Court is Petitioner's Motion to Take Legal Action (ECF No. 1) which the Clerk docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases, a judge "must promptly examine" petitions, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] The Court has examined Petitioner's filing and finds that it fails to state a claim for habeas relief.

The grounds Petitioner raises in his petition are difficult to decipher, but he appears to be challenging evidentiary rulings in his underlying immigration proceedings along with the sufficiency of his Notice to Appear ("NTA"). Pet. 1, ECF No. 1. If such is the case, his claims are barred by 8 U.S.C. § 1252, which limits a district court's jurisdiction to review matters related to immigration enforcement. Under that

---

[1] The Rules Governing § 2254 Cases in the United States District Courts are applicable to petitions brought under 28 U.S.C. § 2241. *See Annamalai v. Warden*, 760 F. App'x 843, 849-50 (11th Cir. 2019); Rules Governing Section 2254 Cases, Rule 1(b).

provision, judicial review of a removal order is limited to the filing of a petition for review in the court of appeals. 8 U.S.C. § 1252(a)(5), (b)(9). This jurisdictional limitation specifically applies to habeas cases brought under 28 U.S.C. § 2241. *Id.* Similarly, courts are prohibited from hearing a case under 28 U.S.C. § 2241 which contains "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Id.* § 1252(g).

It appears that Petitioner's claims, as asserted, are barred by § 1252 and are subject to dismissal. However, because Petitioner is proceeding *pro se*, the Court will provide Petitioner with one opportunity to recast his petition to assert grounds that are properly within the Court's jurisdiction. Petitioner will be provided a copy of the Court's standard § 2241 form. Petitioner should complete any questions on the form that relate to his immigration status. If he is seeking release from custody, he should provide the following information:

(1) When he arrived in immigration custody;

(2) Whether an order of removal has been issued;[2]

(3) Whether he appealed the order of removal or waived appeal. If an appeal is pending, he should note that on the form;

(4) If he has a final order of removal, Petitioner should also explain why it is likely he will or will not be removed in the near future.

The Clerk is **DIRECTED** to mail Petitioner a copy of the Court's standard § 2241 form, marked with the case number of this case, and Petitioner should use this form to

---

[2] It appears from the documents submitted with Petitioner's Motion that his initial immigration hearing was scheduled for February 14, 2025. Petitioner should specifically tell the court whether that hearing occurred and whether any order issued from the hearing. Notice to Appear 1, ECF No. 1-1.

recast his petition. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his petition. Petitioner is further notified that he must promptly advise the Court in writing of any change of address while this matter is pending. Failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED**, this 21st day of February, 2025.

                                          s/ *Amelia G. Helmick*
                                          UNITED STATES MAGISTRATE JUDGE